IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES RODNEY PARKE, *et al.*, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 11-00639-KD-M |
| ) | |
| ED GLOVER, *et al.*, ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on the Plaintiffs' "Motion for Summary Judgment and Motion to Dismiss Counterclaims of the Defendant[s]" (Doc. 24), filed pursuant to Rule 56 of the Federal Rules of Civil Procedure, and the Plaintiffs' Motion to Strike (Doc. 33). For the reasons stated below, the motion for summary judgment is due to be **GRANTED IN PART** and **DENIED IN PART**, and the motion to strike is due to be **DENIED**.

This is the second federal suit between the parties. The first suit (Case No. 2:09-cv-00327-WS-C, S.D. Ala.) was settled through an agreement in which the Defendants signed three promissory notes in favor of the Plaintiffs. The Plaintiffs now claim that the Defendants have defaulted on the notes and request that the Court grant summary judgment in their favor on all claims.

The Defendants do not deny that they have defaulted. Instead, they defend on two grounds. First, they allege that their default was caused by the Plaintiffs and is thus excused because the Plaintiffs breached the agreement by interfering with the Defendants' business activities. Second, the Defendants contend that some amount of setoff is due.

As to the issue of setoff, the Plaintiffs concede that the Defendants are due a setoff, and both sides agree that there are issues of fact regarding the amount due to be setoff. (Doc. 37 at 3; Doc. 38

at 2).  Therefore, summary judgment is due to be **DENIED** on the issue of setoff.[1]

As to whether the Defendants are entitled to be excused from the contract due to actions of the Plaintiffs, the Court finds that the record is not sufficiently developed to support summary judgment for any party.  Specifically, the Defendants have supported this claim with the affidavit of Ed Glover (Doc. 31-1).[2]  While this affidavit is sparse, the Plaintiffs have not rebutted the allegations contained therein.  More importantly, no party has provided sufficient analysis of Alabama law on the issue.[3]  Accordingly the motion for summary judgment on the breach of contract claim is due to be **DENIED**.

For these reasons, the Plaintiffs' "Motion for Summary Judgment and Motion to Dismiss Counterclaims of the Defendant[s]" (Doc. 24) is hereby **GRANTED** as to the Defendants' counterclaim of "accord and satisfaction" and is hereby **DENIED** as to all other issues.  The Plaintiffs' Motion to Strike (Doc. 33) is hereby **DENIED**.

---

[1] The Defendants also alleged as a defense "accord and satisfaction."  However, the Defendants concede that they have no evidence to support this claim. (Doc. 38 at 2).  Thus, to the extent it was pled as a counterclaim, summary judgment is due to be **GRANTED** in favor of the Plaintiffs on this claim.
      The Defendants also allege negligence and wantonness.   However, these are not alleged as separate claims for which they seek damages.  Rather, these allegations are made in the context of attempting to prove that the Defendants are excused from performance on the contract.

[2] With the December 1, 2010 rules change to Rule 56 of the Federal Rules of Civil Procedure, it no longer appears that motions to strike submitted on summary judgment are appropriate. Revised Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  The Advisory Committee Notes specify as follows: "Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting.  The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. ***There is no need to make a separate motion to strike***. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial." Fed. R. Civ. P. 56, Adv. Comm. Notes, "Subdivision (c)" (2010 Amendments) (emphasis added).  As to Mr. Glover's affidavit, the Court finds that the majority of the affidavit may be reduced to admissible form at trial, via Mr. Glover's in-court testimony.  Thus, the Plaintiffs' Motion to Strike (Doc. 33) is **DENIED**.

[3] The Defendants have cited an Eleventh Circuit case, R.A.M., LLC v. Hill, 393 F. App'x 684 (2010), that discusses Florida law on the issue.

On the issue of when a party to a contract is excused from performance, Alabama law provides:

> The effect of a breach of a contract upon the rights and liabilities of the parties depends upon the nature of the agreement. If the contract be entire in the sense that each and all its parts are interdependent, so that one part cannot be violated without violating the whole, a breach by one party of a material part will discharge the whole at the option of the other party; but, if the contract be severable,-susceptible of division and apportionment,-the amount to be paid by the one party depending upon the extent of performance by the other, the mere failure to perform a part of the contract in strict compliance with its terms will not of itself necessarily authorize the party injured to refuse further performance. Whart. Cont. § 580; 7 Am. & Eng. Enc. Law (2d Ed.) 150; Johnson v. Allen, 78 Ala. 391. Whether a particular contract is entire or severable depends on the intention of the parties, to be determined from the language employed and the subject-matter . . . Not every breach of such a contract by the one party will authorize the other to abandon the contract, and refuse further performance on his part. The circumstances attending the breach, the intention with which it was committed, and its effect on the other party and on the general object sought to be accomplished by the contract, must be considered in determining whether or not the breach will operate as a discharge. If the circumstances are such as manifest an intention on the part of the party in default to abandon the contract, or not to comply with its terms in the future, or if, by reason of the breach, the object sought to be effected is rendered impossible of accomplishment according to the original design of the parties, the breach will operate as a discharge of the whole contract unless waived; but no such result follows from a mere breach of a severable contract unattended with such circumstances or such effect. The right to claim a discharge of the whole contract depends, not on whether the act constituting the breach was inconsistent with the terms of the contract, but whether it was inconsistent with an intention to be further bound by its terms, or whether the breach was such as to defeat the purpose of the contract.

Worthington v. Given, 24 So. 739, 743 (Ala. 1898).

The parties should be prepared to submit trial briefs that thoroughly analyze Alabama law on the breach of contract claim as it applies to the facts in this case. The pre-trial briefs shall be filed on or before **Wednesday, December 5, 2012**.

**DONE** and **ORDERED** this the **15th** day of **October 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**