IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES RODNEY PARKE, *et al.*, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 11-00639-KD-M |
| | ) |
| ED GLOVER, *et al.*, | ) |
|     Defendants. | ) |

**ORDER**

This action is before the Court on the Plaintiffs' "Response as to Disposition of Property Conveyed by Quitclaim with Reversion Clause" (Doc. 64) and "Supplemental Brief Regarding Disposition of Quitclaim Deed" (Doc. 67), along with the Defendants' late-filed Response (Doc. 70) in opposition. Upon consideration, the Court finds that the Plaintiffs' requested equitable and declaratory relief is due to be **DENIED**.

**I.**    **Background**

Pursuant to the settlement agreement at issue in this action, Defendants executed three promissory notes in favor of Plaintiffs. The promissory notes were secured by Plaintiffs' mortgages on certain real property held by Defendants in Alabama. Defendants eventually ceased making payments on the promissory notes. However, on July 12, 2011, before Plaintiffs could foreclose on the property, Defendants executed quitclaim deeds on the property (Doc. 64-1) in favor of Plaintiffs. Plaintiffs subsequently filed this action seeking from Defendants the outstanding balance due on the promissory notes, as well as attorney's fees.

This action proceeded to a trial by jury. Plaintiffs introduced the quitclaim deeds into evidence, both of which contain the following reversionary clause: "If the Grantee [Charles Rodney Parke] shall bring any action against the Grantor [Valley Creek Land Company of York,

LLC] relative to the property conveyed in this deed, at any time from the beginning of time until the end of time, this property shall revert back to the Grantor." (Doc. 64-1 at 1, 5).  The jury returned a verdict in favor of Plaintiffs and awarded them $309,000, the full amount sought as due under the promissory notes.  (Doc. 63).  The jury also determined that Defendants were not entitled to any set-off from this amount for the property they had deeded to Plaintiffs.  (Id.).

Plaintiffs now request that the Court grant them clear title to the property subject to the quitclaim deeds, either through declaratory relief by finding the reversionary clauses to be void, or through equitable relief in the form of a reformation or a constructive trust.  Trial testimony and statements by Plaintiffs' counsel indicate that Plaintiffs only became aware of the reversionary clauses shortly before trial.  Plaintiffs have not requested equitable or declaratory relief in their Complaint (Doc. 1), nor did they designate it as being sought in the parties' Joint Pretrial Document (Doc. 42), which was adopted in the Court's Order on the Final Pretrial Conference as "constitut[ing] the final statement of the issues involved in this action . . . and form[ing] the basis of any relief afforded by the Court" (Doc. 49 at 2-3, ¶ 7).  Plaintiffs have not moved to amend either their Complaint or the Order on the Final Pretrial Conference to add this requested relief.  However, for the purposes of this Order, the Court will assume that the issue is properly being presented by the consent of the parties pursuant to Rule 15(b)(2) of the Federal Rules of Civil Procedure.

   II.   **Analysis**

   a.   **Declaratory Relief**

Plaintiffs request that the Court declare the reversionary clauses in the quitclaim deeds void as violating the rule against perpetuities (Doc. 67 at 3-4).  Because the deeds were executed in 2011, they are subject to the common-law rule against perpetuities pursuant to Ala. Code § 35-

4-4 (repealed).[1]  See Earle v. Int'l Paper Co., 429 So. 2d 989, 991 (Ala. 1983).  In Alabama, the common-law rule does not apply to either the right of entry created by a condition subsequent or the possibility of automatic reverter.  See Schaefers v. Apel, 328 So. 2d 274, 276 (Ala. 1976) ("If the provision is a condition subsequent, it creates a right of entry in Mrs. Schaefers' estate which may be exercised by William for a condition broken.  The right of entry is not subject to the rule against perpetuities in Alabama; therefore, it creates a cloud on title which will endure indefinitely." (citing Libby v. Winston, 207 Ala. 681, 93 So. 631 (1922))); Earle, 429 So. 2d at 993 (" 'A possibility of reverter is the interest left in a transferor who creates a fee simple determinable.'  C. Moynihan, Introduction To The Law Of Real Property 95 (1962).  At common-law possibilities of reverter are not subject to the rule [against perpetuities].  Hinton v. Gilbert, 221 Ala. 309, 128 So. 604 (1930), 4 Restatement Of Property, § 370, comment e at 2144 (1944).").  Therefore, Plaintiffs' request for declaratory relief is due to be **DENIED**.

      **b.**      **Equitable Relief**

Plaintiffs request equitable relief in the form of either a reformation of the quitclaim deeds or a constructive trust.  With regard to reformation, Ala. Code § 35-4-153 states in relevant part: "When, through fraud, or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention . . ."  "[T]he party seeking reformation has the burden of proving with clear, convincing, and satisfactory evidence that the intention he seeks to substitute

---

[1] By Act 2011-532, p. 880, §§ 1-2 (effective January 1, 2012, per § 3), Alabama repealed § 35-4-4 and enacted the Alabama Uniform Statutory Rule against Perpetuities, Ala. Code § 35-4a-1 *et seq.*, which "supersedes the rule of the common law known as the rule against perpetuities."  § 35-4a-8.  However, the Uniform Statutory Rule against Perpetuities only "applies to a nonvested property interest . . . that is created **on or after** January 1, 2012."  § 35-4a-6 (emphasis added).

was that of both parties."  Beasley v. Mellon Fin. Services Corp., 569 So. 2d 389, 394 (Ala. 1990) (citing Touchstone v. Peterson, 443 So. 2d 1219 (Ala.1983)).

Plaintiffs cannot reasonably claim fraud as grounds for reformation, as the offending reversionary clauses were clearly stated on the faces of the deeds.  See Batchelor v. Batchelor, 502 So. 2d 751, 753 (Ala. 1987) ("It is well established that the buyer of real estate is charged with notice of what appears on the face of the conveyance.").  Plaintiffs are also not entitled to a reformation on the basis of mistake.  First, the record indicates that there was no agreement between Plaintiffs and Defendants, and therefore no mutual intention, leading to the execution of the quitclaim deeds.  See id. at 393-94 ("Where the reformation is based on mistake, the existence of a valid agreement to which the instrument can be made to conform is essential.  The trial court cannot make the instrument express a new contract for the parties . . . Where the sole ground for reformation is mistake, the mistake must be mutual as to all of the parties, but only in the sense that they must all have agreed to the same terms and have mistakenly assumed that those terms were properly expressed in the instrument.").  Rather, the record indicates that Defendants unilaterally executed and recorded the deeds, "without notice to [Plaintiffs]" (Doc. 64 at 2, ¶ 4), before the property was foreclosed upon.  The Court rejects any argument by Plaintiffs that the relevant agreement is the settlement agreement.

Moreover, even assuming that an agreement can be implied by Plaintiffs' acceptance of the deeds, such a mistake is not one involving a description of the property conveyed, but rather is one regarding the extent or nature of the agreement, which does not warrant a reformation.  See Beasley, 569 So. 2d at 393-94 ("[T]he principle on which reformation is based is clear-if the intent of the parties was to convey the property actually described, but the parties were induced to enter into the agreement by a mistake as to the extent or nature of the contract, there can be no

reformation; however, "*if the intent was to convey the property as it was known to exist, but the mistake was in the description, reformation is proper.* " McClintock on Equity, Ch. 8, § 95 at 258 (1948). (Emphasis added.)."). In addition, the record does not clearly and convincingly demonstrate that Defendants did not intend that the reversionary clauses be effective when they executed the deeds.

Plaintiffs alternatively request that the property be awarded to them through a constructive trust.

The Alabama Supreme Court has defined a constructive trust as follows:

> " '[A] constructive trust will be found when property has been either acquired by fraud, or where in the absence of fraud it would not be equitable to allow it to be retained by him who holds it.' Brothers v. Moore, 349 So. 2d 1107, 1108 (Ala. 1977). In essence, a constructive trust is imposed to prevent unjust enrichment. Id."

Brothers v. Fuller, 607 So.2d 135, 137 (Ala. 1992).

> " 'Equity may also impress a constructive trust on property in favor of one beneficially entitled thereto against a person, who, against the rules of equity and against good conscience, in any way either has obtained or holds and enjoys legal title to property that in justice that person ought not to hold and enjoy.' "

Brown v. Brown, 604 So. 2d 365, 370 (Ala. 1992) (quoting American Family Care, Inc. v. Irwin, 571 So. 2d 1053, 1058 (Ala. 1990)) (emphasis omitted).

A constructive trust may be impressed upon property when the grantee of the property has abused a confidential relationship with the grantor. Cole v. Adkins, 358 So. 2d 447, 450 (Ala. 1978).

Hopkins v. Hopkins, 983 So. 2d 382, 387 (Ala. Civ. App. 2007)

The Court finds no circumstances in the record supporting the creation of a constructive trust. Primarily, even if title to the property has reverted to Defendants pursuant to the reversionary clauses, retaining title does not unjustly enrich Defendants. Plaintiffs commenced

this action in order to collect from Defendants the outstanding balance due on three promissory notes. As Plaintiffs state, "[t]he property conveyed by quit claim was secured [through mortgages] by Parke for the purpose of having some payment on the note between himself and Glover, in the event Glover defaulted." (Doc. 67 at 2). At trial, Plaintiffs sought and were awarded $309,000, the full amount claimed as due on the notes, with Defendants being denied any set-off from this amount for the value of the property. Regardless of whether Defendants currently hold title to the property, the fact remains that Defendants are liable to Plaintiffs for all outstanding indebtedness under the promissory notes. To now award Plaintiffs title to the property in addition to the full contract amount would be providing Plaintiffs an unwarranted windfall.

Finally, Plaintiffs are not entitled to any equitable relief because they have failed to demonstrate that they have no adequate remedy at law with regard to the property. See Beasley, 569 So. 2d at 393 ("It is well established that equity is a system of remedies that evolved to redress wrongs that were not recognized by or adequately righted by common law."); Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So. 2d 17, 20 (Ala. 1983) (equitable remedies "will only issue where there is no adequate remedy at law"). Specifically, Plaintiffs have not convincingly shown why they cannot foreclose on the property pursuant to the mortgages. Plaintiffs argue that the quitclaim deeds should be treated as deeds in lieu of foreclosure. However,

> [a] deed in lieu of foreclosure is any instrument, however denominated, whereby a mortgagor transfers to a mortgagee the mortgagor's rights in the mortgaged property. See Ala. Code 1975, § 35-10-50(1). **Such an instrument transfers to the mortgagee all right, title, and interest of the mortgagor in the mortgaged property**, including, but not limited to, all rights of redemption, statutory or equitable, unless expressly otherwise provided therein. See Ala. Code 1975, § 35-10-51(1). A deed in lieu of foreclosure does not affect the

rights or interests of any person or entity other than the mortgagor in the mortgaged property. See Ala. Code 1975, § 35-10-51(5).

Beasley, 569 So. 2d at 393 (emphasis added).

By including the reversionary clauses in the quitclaim deeds, Defendants did not transfer all of their interest in the property to Plaintiffs. Therefore, the quitclaim deeds are not true deeds in lieu of foreclosure, and Plaintiffs have made no other argument demonstrating that their ability to foreclose on the property has been impaired.

For these reasons, Plaintiffs' request for equitable relief is due to be **DENIED**.

### III.     Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Plaintiffs' requested declaratory and equitable relief (Docs. 64, 67) is **DENIED**.

**DONE** and **ORDERED** this the **4**[th] day of **March 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**