# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CHARLES RODNEY PARKE, *et al.*, <br>     Plaintiffs, <br><br> v. <br><br> ED GLOVER, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> )   CIVIL ACTION NO. 11-00639-KD-M <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the Plaintiffs' "Motion Requesting Order Charging Limited Liability Company Interest of Judgment Debtor and for other Ancilliary [sic] Relief in Aid of Enforcement of Judgment" (Doc. 74).

On March 4, 2013, the Court entered judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, in the amount of $409,000.00, plus post-judgment interest under 28 U.S.C. § 1961. (Doc. 72). No appeal was taken. The Plaintiffs represent that the judgment has not been satisfied and now seek enforcement of that judgment. Specifically, the Plaintiffs request the issuance of a charging order under Ala. Code § 10A-5-6.05.

Federal Rule of Civil Procedure 69(a)(1) provides that a "money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." The Court's subject-matter jurisdiction over this action is based on diversity under 28 U.S.C. § 1332. "[F]ederal common law determines the scope of judgments rendered by federal courts sitting in diversity. Under federal common law, an enforcing court should apply the law of the state courts in the state where the rendering federal court sits, unless the state's law

conflicts with federal interests." Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc., 404 F.3d 1297, 1310 (11th Cir. 2005) (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 509 (2000)) (footnote omitted).

The Plaintiffs represent that Defendant Ed Glover has a membership interest in the following limited liability companies (LLCs):

**Alabama LLCs**

- Valley Creek Land Company of York, LLC
- Valley Creek Land Company of York, II, LLC
- International Theme of York, LLC
- Sand Pitt, LLC
- International Hospitality of York, LLC
- K, S, K, & L, LLC
- KSK & L, LLC
- K & L of Selma, LLC

**Florida LLCs**

- Gloco Properties, LLC
- K-LO Properties, LLC
- KAMJO Properties, LLC
- World Property of Jessup, LLC

Under the Alabama Limited Liability Company Law,[1] "[o]n application to a court of competent jurisdiction by any judgment creditor of a member or assignee, the court may charge

---

[1] Ala. Code § 10A-5-1.01 *et seq.*

2

the interest of the member or assignee with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of financial rights." Ala. Code § 10A-5-6.05(a) (repealed effective Jan. 1, 2017). Section 10A-5-6.05 "shall be the sole and exclusive remedy of a judgment creditor with respect to the judgment debtor's membership interest."[2] Id.

Upon consideration, the Court finds that the Plaintiff's motion for a charging order under § 10A-5-6.05 is due to be granted unless the Defendants can present valid authority indicating otherwise.[3] Accordingly, it is **ORDERED** that the Plaintiffs' "Motion Requesting Order Charging Limited Liability Company Interest of Judgment Debtor and for other Ancilliary [sic] Relief in Aid of Enforcement of Judgment" (Doc. 74) is **GRANTED**. A separate Charging Order to effectuate the decision in this memorandum will be entered contemporaneously herewith; it is further **ORDERED** that said Charging Order will become effective **Tuesday, May 6, 2014**, without further action by the Court **unless** an objection is filed, see *infra*, **and** the Court rescinds the Charging Order.

The Defendants are granted leave to file any objection to the Plaintiffs' "Motion

---

[2] This Court has previously issued charging orders under this statute in other actions. See Scottsdale Ins. Co. v. Mitchell Co., Civil Action No. 11-00578-N, 2013 WL 5745839 (S.D. Ala. Oct. 23, 2013) (Nelson, M.J.); Regions Bank v. Stewart, Civil Action No. 10-0145-M, 2011 WL 1827453 (S.D. Ala. May 10, 2011) (Milling, M.J.); Vision Bank v. Swindall, Civil Action No. 09–442–CG–M (S.D. Ala. April 3, 2012 (Doc. 108); November 30, 2010 (Doc. 71); December 4, 2012 (Doc. 111)). Other federal courts have done so as well under the state statutes of their respective jurisdictions. See Scottsdale Ins., 2013 WL 5745839, at n.2 (citing cases).

[3] The Plaintiffs also request "that this Court enter an order granting ancillary relief in aid of enforcement, pursuant to Rule 69 of the Federal Rules Civil Procedure, enjoining the Defendants from transferring, conveying, assigning, or otherwise disposing of any property owned by Edward Glover and Valley Creek Land Company of York, LLC or Defendant, Ed Glover's interest in" the above-named LLCs." (Doc. 74 at 2, ¶ 5). This request is **DENIED** at this time. Neither Rule 69 nor § 10A-5-6.05 specifically provides for such relief, and the

Requesting Order Charging Limited Liability Company Interest of Judgment Debtor and for other Ancilliary [sic] Relief in Aid of Enforcement of Judgment" (Doc. 74) on or before **Monday, April 28, 2014**.

**DONE** and **ORDERED** this the **21st** day of **April 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

Plaintiffs have cited no other authority that would support granting such relief.